UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-144-MOC-WCM

| | |
|---|---|
| CAROL MOSCA, ) | |
| ) | |
| **Plaintiff, pro se,** ) | |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN MEDICAL ) | **ORDER** |
| ASSOCATION, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court a Motion to Dismiss, filed by Defendant American Medical Association, (Doc. No. 7), on Plaintiff's Motion to Deny Defendant's Motion to Dismiss, (Doc. No. 12), and on Plaintiff's Motion for Extension of Time to Cure Service, (Doc. No. 16).

### I. BACKGROUND AND DISCUSSION

This lawsuit is pro se Plaintiff Carol Mosca's third pro se attempt to bring frivolous claims alleging that the American Medical Association ("the AMA") and a host of other defendants are responsible for the COVID-19 pandemic. This Court dismissed Plaintiff's first two lawsuits sua sponte. See Mosca v. Madara, No. 1:21-cv-27-MR-WCM (W.D.N.C.) ("Mosca I"); Mosca v. Am. Med. Ass'n, No. 1:21-cv-88-MR-WCM (W.D.N.C.) ("Mosca II"). In the second dismissal order, Judge Reidinger admonished the Plaintiff that a third frivolous filing would result in a gatekeeper order. See Mosca II, ECF No. 4 at 8–9. Nevertheless, Plaintiff filed this third lawsuit, which is essentially identical to the first two.

Like the first two lawsuits, this third lawsuit is hereby dismissed as frivolous and for

1

failure to state a claim for which relief may be granted. First, the complaint fails to allege any facts to establish Article III standing—the same reason that this Court dismissed Plaintiff's second lawsuit. See Mosca II, ECF No. 4 at 3–8. In addition, Plaintiff has not—and could not allege any plausible facts to support her theory that the AMA and the other named Defendants are responsible for a global pandemic. Her sole claim is for alleged violations of the First Amendment and the Administrative Procedure Act, neither of which apply to nongovernmental entities like the AMA. Thus, this action is dismissed with prejudice.

## II. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss is granted and this action is dismissed with prejudice.

Plaintiff's numerous frivolous and vexatious filings are placing undue burden on the Court's already heavy docket. The Court has the inherent authority to require a litigious filer to pay monetary sanctions. See Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991); see also Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C.1998) ("Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers."). Further, courts have substantial discretion in fashioning an appropriate sanction for litigants, including a prefiling injunction. Armstrong, 16 F. Supp. 2d. at 620.

**Therefore, Plaintiff is hereby on notice that if she continues to file frivolous and meritless lawsuits in this Court, the Court will not hesitate to institute a pre-filing injunction against Plaintiff. Moreover, if Plaintiff files another lawsuit that is essentially identical to this one and her previous two lawsuits, the Court will, without further notice to Plaintiff, order Plaintiff to pay monetary sanctions of up to $500.**

**IT IS, THEREFORE, ORDERED** that:

1. Defendant AMA's Motion to Dismiss, (Doc. No. 7), is **GRANTED**, Plaintiff's Motion to Deny Defendant's Motion to Dismiss, (Doc. No. 12), is **DENIED**, and Plaintiff's Motion for Extension of Time to Cure Service, (Doc. No. 16), is **DENIED** as moot.

2. This action is dismissed with prejudice.

3. The Clerk is directed to terminate this action.

Signed: September 16, 2021

Max O. Cogburn Jr
United States District Judge